UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

In re:

DARIO CHARLES,

Debtor.

------------------------------------------------------------X

Case No.: 8-26-71217-ast

Chapter 13

**EMERGENCY MOTION TO EXTEND THE AUTOMATIC STAY, OR IN THE ALTERNATIVE, TO IMPOSE THE AUTOMATIC STAY**

PURSUANT TO 11 U.S.C. §§ 362(c)(3)(B) AND 362(c)(4)(B)

------------------------------------------------------------X

DARIO CHARLES, the Debtor, appearing pro se, respectfully moves this Court for an Order extending the automatic stay, or in the alternative imposing the automatic stay, and in support thereof states:

---

**PRELIMINARY STATEMENT**

1. This is an emergency application to prevent the imminent foreclosure sale of Debtor's property.

2. A foreclosure sale is scheduled imminently, and absent relief from this Court, Debtor will suffer immediate and irreparable harm.

---

**BACKGROUND**

3. Debtor filed the instant Chapter 13 petition on March 30, 2026.

4. Debtor has filed prior bankruptcy cases; however, not more than one case was dismissed within the one-year period preceding the instant filing.

5. Accordingly, the automatic stay is currently in effect pursuant to 11 U.S.C. § 362(a), subject to potential limitation under § 362(c)(3).

6. Debtor brings this motion out of an abundance of caution to ensure that the protections of the automatic stay remain in full force and effect.

## GOOD FAITH AND CHANGE IN CIRCUMSTANCES

7. The instant filing was made in good faith and not for purposes of delay.

8. Debtor's financial circumstances have materially changed since the prior filing.

9. Debtor has a pending claim with the September 11th Victim Compensation Fund (VCF), which has been **approved for expedited processing as of February 23, 2026**, and is currently in the final calculation stage.

10. The anticipated award provides a concrete and imminent source of funds to cure arrears and resolve creditor claims.

## EXTENSION OF STAY (11 U.S.C. § 362(c)(3)(B))

11. Cause exists to extend the automatic stay as the filing was made in good faith.

12. Debtor has demonstrated a substantial change in financial condition and the ability to reorganize.

13. The equities favor maintaining the stay to prevent irreparable harm.

## ALTERNATIVE REQUEST TO IMPOSE STAY (11 U.S.C. § 362(c)(4)(B))

14. In the alternative, should the Court determine that no automatic stay is in effect, Debtor respectfully requests that the Court impose the automatic stay.

15. Debtor's filing is in good faith and supported by a realistic ability to cure any alleged default through imminent VCF funds.

16. The balance of equities strongly favors imposition of the stay.

**WHEREFORE**

WHEREFORE, Debtor respectfully requests that this Court enter an Order:

(a) extending the automatic stay pursuant to 11 U.S.C. § 362(c)(3)(B);

(b) in the alternative, imposing the automatic stay pursuant to 11 U.S.C. § 362(c)(4)(B);

(c) staying all foreclosure proceedings, including any scheduled foreclosure sale; and

(d) granting such other and further relief as the Court deems just and proper.

Dated: March 31, 2026
Cambria Heights, New York

Dario Charles
Debtor, Pro Se
221-43 113th Drive
Cambria Heights, NY 11411
Tel: 516-313-9003
Email: Dario_5@hotmail.com